UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD SCHROEDER,

              **Plaintiff,**

   v.

                                          Case No. 23-CV-1245

PHILLIS THOMAS, *et al.*,

              **Defendants.**

# ORDER

The defendants having answered plaintiff Ronald Schreoder's complaint, the court sets forth the following scheduling order to expedite a resolution of this case:

The court hereby **ORDERS** as follows:

1.   **Discovery**. During discovery, the parties may ask each other for information that they believe they need to support their arguments. A party may send an opposing party written questions (called interrogatories in the Federal Rules of Civil Procedure) or requests for documents. The responding party must serve its answers and any objections within sixty days after being served with the discovery requests.

      Parties must serve their discovery requests by a date sufficiently early so that discovery is completed no later than **October 28, 2024** (that means that the parties must serve their requests at least sixty days *before* the deadline to allow the opposing party sufficient time under the rules to respond by the deadline). A party should serve their discovery requests on the opposing party and must not file them with the court. The court has included with this order copies of Rules 33 and 34,[1] and Civil Local Rule 33 (E.D. Wis.).

---

[1] The court notes that it has extended the parties' time to respond to discovery requests from thirty days to sixty days.

The court advises the parties that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the defendant may depose Schroeder and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, the defendant serve all parties with the notice required by the rule. Further, pursuant to Rule 30(b)(4), depositions of any person confined in a prison may be taken by remote means.

2. **Motions for Summary Judgment.** Defendants may file a motion for summary judgment on the ground Schroeder failed to exhaust the available administrative remedies, together with supporting materials, no later than **July 29, 2024.** Parties may file motions for summary judgment on the merits, together with supporting materials, no later than **December 2, 2024**. The court has included with this order copies of Rule 56 and Civil Local Rules 7 and 56 (E.D. Wis.).

   A party opposing a motion for summary judgment must file a response "**within 30 days of service of the motion**." Civil Local Rule 56(b)(2) (E.D. Wis.). Civil Local Rule 56(b)(2) sets forth the documents and information that a party must include in a response to a motion for summary judgment. Along with any motion for summary judgment they file, the defendant must provide a *pro se* plaintiff a full copy of Civil Local Rule 56(b).

   If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3. **Compliance with Court Rules and Orders.** The court further advises Schroeder that failure to make a timely submission or otherwise comply with the court's orders may result in the dismissal of this case for failure to prosecute.

4. **Updates to Address.** The court further advises Schroeder that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Schroeder's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

5. **Service.** Plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will

---

[2] Prisoner E-Filing is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin

scan and e-mail documents to the court pursuant to the Prisoner E-Filing Program. Those plaintiffs do not need to mail copies to either the court or the defendant. The defendant will be served electronically through the court's electronic case filing system.

Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address: Clerk of Court, United States District Court for the Eastern District of Wisconsin, 517 E. Wisconsin Ave. - Rm. 362, Milwaukee, WI 53202. Because the court staff will electronically scan and enter on the docket each filing upon receipt, a plaintiff does not need to mail copies to the defendant. The defendant will be served electronically through the court's electronic case filing system.

Under Federal Rule of Civil Procedure 5(d)(1), parties must serve discovery requests and responses—depositions, interrogatories, requests for documents or tangible things, and requests for admission—on the opposing party, and must not file them with the court unless and until a party wishes to use them to support a motion or other pleading, or unless the court orders a party to file them. A plaintiff must mail these discovery requests and responses directly to counsel for the defendant. *See* Fed. R. Civ. Pro. 5(b).

THE PARTIES SHOULD NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

6. **Motions for Recruitment of Counsel.** A civil litigant has no right to have an attorney represent him in a civil action. Under some circumstances, the "Court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Pro bono resources are scarce in comparison to the number of cases filed by prisoners. As a result, the court will exercise its discretion to find a lawyer to represent a plaintiff only (1) after the plaintiff has made reasonable attempts to find a lawyer himself; and (2) if the court believes that "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

Before Schroeder asks the court to recruit a lawyer to represent him, he first must contact several lawyers to see if he can find a lawyer on his own. If none of the lawyers Schroeder contacts agree to represent him, he then may file a motion asking the court to appoint counsel, but he must attach to that motion

---

Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

letters or other evidence showing that he tried to find a lawyer but was unsuccessful. Even if Schroeder does that, he also must show that the case is sufficiently complex or difficult that he cannot present the case without a lawyer's help. Schroeder must show more than just that he does not have money and does not have legal training in order for the court to recruit a lawyer to represent him.

Schroeder is advised that, as a condition of the court recruiting a lawyer to represent a plaintiff in a civil action in the United States District Court for the Eastern District of Wisconsin, the court may require a plaintiff to reimburse the court out of any proceeds received (1) in settlement of his or her claim or claims, or (2) upon prevailing other than by settlement of his or her claim or claims, for any expenses and/or costs that are reimbursed by the court to a recruited attorney.

Dated in Milwaukee, Wisconsin this 28th day of May, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge

**Federal Rule of Civil Procedure 33, Interrogatories to Parties**

(a) In General.
    (1) *Number*. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).
    (2) Scope. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.
(b) Answers and Objections.
    (1) Responding Party. The interrogatories must be answered:
        (A) by the party to whom they are directed; or
        (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.
    (2) Time to Respond. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
    (3) Answering Each Interrogatory. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
    (4) Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.
    (5) Signature. The person who makes the answers must sign them, and the attorney who objects must sign any objections.
(c) Use. An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence.
(d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
    (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
    (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

**\*\*\*\***

**Federal Rule of Civil Procedure 34, Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes**

(a) In General. A party may serve on any other party a request within the scope of Rule 26(b):
    (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
        (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
        (B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

(b) Procedure.

(1) Contents of the Request. The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically stored information is to be produced.

(2) Responses and Objections.

(A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

(C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

(D) Responding to a Request for Production of Electronically Stored Information. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.

(E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

(iii) A party need not produce the same electronically stored information in more than one form.

(c) Nonparties. As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.

****

**Federal Rule of Civil Procedure 56, Summary Judgment**

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

6

Case 2:23-cv-01245-WED    Filed 05/28/24    Page 6 of 11    Document 12

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
(c) Procedures.
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

\*\*\*\*

## Civil Local Rule 7, Form of Motions and Other Papers

(a) Form of Motion and Moving Party's Supporting Papers. Every motion must state the statute or

rule pursuant to which it is made and, except for those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), must be accompanied by:

(1) a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or

(2) a certificate stating that no memorandum or other supporting papers will be filed.

(b) Non-Moving Party's Response. For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), any memorandum and other papers in opposition must be filed within 21 days of service of the motion.

(c) Reply. For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), the moving party may serve a reply memorandum and other papers within 14 days from service of the response memorandum.

(d) Sanction for Noncompliance. Failure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion. Sanctions remain available under General L. R. 83(f). (e) Oral Argument. The Court will hear oral argument at its discretion.

(e) Oral Argument. The Court will hear oral argument at its discretion.

(f) Length of Memoranda. Subject to the limitations of Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice) and Civil L. R. 56 (Summary Judgment Motion Practice), the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages and reply briefs must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block). No memorandum exceeding the page limitations may be filed unless the Court has previously granted leave to file an oversized memorandum.

(g) Modification of Provisions in Particular Cases. The Court may provide by order or other notice to the parties that different or additional provisions regarding motion practice apply.

(h) Expedited Non-Dispositive Motion Practice.

(1) Parties in civil actions may seek non-dispositive relief by expedited motion. The motion must be designated as a "Civil L. R. 7(h) Expedited Non-Dispositive Motion." The Court may schedule the motion for hearing or may decide the motion without hearing. The Court may designate that the hearing be conducted by telephone conference call. The Court may order an expedited briefing schedule.

(2) The motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L. R. 37. The motion must not exceed 3 pages excluding any caption and signature block. The movant may not file a separate memorandum with the motion. The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's affidavit or declaration may not exceed 2 pages. The respondent must file a memorandum in opposition to the motion within 7 days of service of the motion, unless otherwise ordered by the Court. The respondent's memorandum must not exceed 3 pages. The respondent may file with its memorandum an affidavit or declaration for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The respondent's affidavit or declaration may not exceed 2 pages. No reply brief is permitted absent leave of Court.

(3) The provisions of subsection (h) do not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons proceeding pro se.

(i) Leave to file paper. Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

(j) Citations.

(1) With the exception of the prohibitions in Seventh Circuit Rule 32.1, this Court does not prohibit the citation of unreported or nonprecedential opinions, decisions, orders, judgments, or other written dispositions.

(2) If a party cites an unreported opinion, decision, order, judgment or other written disposition, the party must file and serve a copy of that opinion, decision, order, judgment, or other written disposition.

\*\*\*\*

**Civil Local Rule 33, Interrogatories.**

(a) Limitation on Interrogatories.
    (1) Any party may serve upon any other party no more than 25 written interrogatories. The 25 permissible interrogatories may not be expanded by the creative use of subparts.
    (2) For the purpose of computing the number of interrogatories served interrogatories inquiring about the names and locations of persons having knowledge of discoverable information or about the existence, location, or custodian of documents or physical evidence do not count toward the 25 interrogatory limit.
    (3) More than 25 interrogatories may be served on a party only if that party agrees in writing or the Court so orders. A party seeking to serve more than 25 interrogatories may move the Court for permission only after seeking the agreement of the party on whom the additional interrogatories would be served. If a party desires to serve additional interrogatories, the party must promptly consult with the party to whom the additional interrogatories would be propounded and attempt to reach a written stipulation as to a reasonable number of additional interrogatories. The stipulation allowing additional interrogatories to be served should not be filed with the Court except in connection with a motion to compel answers. If a stipulation cannot be reached, the party seeking to serve additional interrogatories may move the Court for permission to serve additional interrogatories.
    (4) The Court will not compel a party to answer any interrogatories served in violation of this rule
(b) Answering Interrogatories. An objection or an answer to an interrogatory must reproduce the interrogatory to which it refers.

\*\*\*\*

**Civil Local Rule 56, Summary Judgment.**

(a) Pro Se Litigation.
    (1) If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:
        (A) The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.
        (B) In addition to the statement required by Civil L. R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56 (c),(d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.

    (2) This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.
(b) Additional Summary Judgment Procedures. Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7. In addition, with the exception of Social Security reviews, other actions for review of administrative agency decisions, and other actions in which a judge relieves the parties of this Rule's requirements, the following must be met:

(1) Moving Party's Principal Materials in Support of Motion. With each motion for summary judgment, the moving party must file:
    (A) a memorandum of law;
    (B) a statement setting forth any material facts to which all parties have stipulated;
    (C) a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law;
        (i) the statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph;
        (ii) a moving party may not file more than 150 separately numbered statements of fact;
        (iii) failure to submit such a statement constitutes grounds for denial of the motion; and
    (D) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

(2) Opposing Party's Materials in Opposition. Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:
    (A) a memorandum of law;
    (B) a concise response to the moving party's statement of facts that must contain:
        (i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and
        (ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately numbered statements of additional facts; and
    (C) any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

(3) Moving Party's Materials in Reply. A moving party may file within 14 days of the service of the opposing party's materials under subsection (b)(2), above:
    (A) a reply memorandum;
    (B) a reply to any additional facts submitted by the opposing party pursuant to subsection (b)(2) above, in the form prescribed in section (b)(2)(B)(i) above; and
    (C) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c) submitted in reply.

(4) Effect of Uncontroverted Statements of Fact. The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.

(5) Stipulated Facts. Parties are encouraged to stipulate to facts. Facts so stipulated will not count against any party's allotment of proposed facts and do not require references to evidentiary support.

(6) Citations to Facts in Memoranda. Assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts.

(7) Prior Leave of Court Required to Increase the Number of Statements of Fact or Statements of Additional Fact. A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the

Court previously has granted leave upon a showing that an increase is warranted.

(8) Length of Memoranda.
    (A) A principal memorandum in support of, or opposition to, summary judgment must not exceed 30 pages and a reply memorandum must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block).
    (B) No memorandum exceeding the page limitations may be filed unless the Court previously has granted leave to file an oversized memorandum.

(9) Sanction for Noncompliance**.** Failure to comply with the requirements in this rule may result in sanctions up to and including the Court denying or granting the motion. Sanctions remain available under General L. R. 83(f).

(10) Collateral Motions. Collateral motions, such as motions to strike, are disfavored.